IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:23-cv-423-JRG-RSP |
| v. | § § | |
| THE HOME DEPOT, INC. *et al.*, | § § | |
| *Defendants*. | § § | |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.** **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    **(a)** the correct names of the parties to the lawsuit;

    **(b)** the name, address, and telephone number of any potential parties;

    **(c)** the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    **(d)** the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    **(e)**    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    **(f)**    any settlement agreements relevant to the subject matter of this action; and

    **(g)**    any statement of any party to the litigation.

**2.**    **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    **(a)**    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26 of the Eastern District of Texas; and

    **(b)**    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.**    **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

    **(a)**    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

      ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

**(b)** produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

**(c)** provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of

   the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations. "Side" means a party or a group of parties with a common interest. For clarity, the three "sides" or "parties" are RavenWhite, Home Depot, and Walmart. Any party may later move to modify these limitations for good cause. Nothing in this Discovery Order waives or otherwise limits the application of the common interest doctrine or joint defense privilege.

   **(a) Interrogatories:** <u>Parties choose to go with what is allowed under the Federal Rules of Civil Procedure.</u> Each party may serve up to 25 interrogatories on each opposing party. To be clear, RavenWhite may serve up to 25 interrogatories on each opposing party, Home Depot and Walmart. Home Depot and Walmart may each serve up to 25 interrogatories.

   **(b) Requests for Admission:** Each side may serve up to 40 requests for admissions. Notwithstanding the limitations of this subsection, any party may serve an unlimited number of requests for admission that seek an admission as to the authenticity, evidentiary admissibility, public availability, or dating of documents and other evidence, provided that such requests for admission are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated.

   **(c) Fact Depositions:** Depositions of the parties under Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Civil Procedure 30(b)(1) shall be limited to 65 hours on

each opposing party. To be clear, RavenWhite can take up to 65 hours worth of depositions on each opposing party, Defendants Home Depot and Walmart. Defendants Home Depot and Walmart will each have up to 65 hours of party depositions. Non-party depositions shall be limited to 45 hours per side. The parties stipulate that they may take depositions on written questions of custodians of business records of third parties, and such depositions shall not count against any of the deposition limits herein. The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

(d) **Expert Depositions:** Consistent with the Federal Rules, there is no limit on the number of expert witnesses per side. For purposes of clarity, expert depositions do not count towards the fact-deposition limits set forth in Section 5(c). Each testifying expert may be deposed for seven (7) hours for each report submitted by that expert. Regarding the limitation above, the parties will meet and confer in good faith to determine if the volume of opinions in a report warrants additional time.

(e) **Coordination:** Each side should make a good faith effort to work together to avoid the need for duplicative depositions, interrogatories, and requests for admission. The parties and counsel are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Counsel should confer in advance to schedule depositions at mutually convenient times and places. Unless otherwise agreed, depositions of plaintiff and defendants and their respective employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties. The parties should keep in mind the need to avoid subjecting any person to repeated depositions.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.** **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rules CV-7(h) and

(i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

**(d)** Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

**(e)** Any change to a party's lead attorney designation must be accomplished by motion and order.

**(f)** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

   **(a) Discovery of Expert Materials:**

i. The Parties agree to the limitations of Federal Rule of Civil Procedure 26 with regard to the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the Parties further agree to the following limitations regarding the discovery of expert materials.

ii. No conversations or communications between or including any Party or its counsel and any testifying or non-testifying expert, or between or including any testifying expert and any non-testifying expert, including emails, written agreements, or correspondence, and notes or outlines pertaining thereto, whether drafted or occurring in connection with this Action or any prior or pending investigation, litigation, or proceeding (including inter partes review or reexamination proceedings before the USPTO), will be subject to discovery or examination at any deposition, hearing, or trial unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report or any opinion in this Action. Nothing in this provision is intended to prevent the disclosure of information that is otherwise discoverable.

iii. All materials generated by any testifying expert in connection with this Action are exempt from discovery, unless relied upon by a testifying expert in formulating his or her final report or any opinion in this Action. Testifying experts shall not be subject to discovery or examination at any deposition, hearing, or trial on any draft of their expert reports, draft declarations, and draft affidavits, nor notes or outlines pertaining thereto, whether drafted in connection with this Action or any prior or pending investigation, litigation, or proceeding (including inter partes review or reexamination proceedings before the USPTO).

    iv. Discovery of materials provided to testifying experts, whether provided in connection with this Action or any prior or pending investigation, litigation, or proceeding (including inter partes review or reexamination proceedings before the USPTO), shall be limited to those materials, facts, non-testifying expert opinions, and other matters actually relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

**(b)** Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the opinions of a non-testifying expert in formulating his or her final report or any opinion in this Action. Where a testifying expert is relying on the opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to the testifying expert that the testifying expert is relying on in formulating his or her final report or any opinion in this Action and the basis for such information.

**(c) Privilege Logs.** The parties and subpoenaed non-parties are not required to prepare and exchange privilege logs for documents created following September 18, 2023.

**(d) Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail, by FTP, by other file transfer service or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 p.m. Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

(e) **Service in MS-Word.** Interrogatories, requests for admission, and deposition notices should be promptly provided in Microsoft Word format in addition to PDF format upon request by the receiving party.

(f) **Production Of Materials Obtained Via Third-Party Subpoena.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 5 business days. Where reproduction of documents within 5 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

(g) **ESI Order:** Consistent with the Court's Model E-Discovery Order, the parties shall meet and confer regarding discovery of Electronically Stored Information. The parties agree that this case will not require search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause. Any party may later move to modify this limitation for good cause or as addressed in the ESI Order..

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All

such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 27th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE