IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br>*Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC. *et al.*,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 2:23-CV-00423-JRG-RSP<br>                            (LEAD CASE) |

**REPORT & RECOMMENDATION**

Before the Court is the Motion to Dismiss Amended Complaint Based on Improper Venue filed by Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. **Dkt. No. 42**; Dkt. No. 64 (reply in support). Plaintiff RavenWhite Licensing, LLC opposed the motion by filing a response and sur-reply brief. Dkt. Nos. 59, 67. For the reasons below, the Motion to Dismiss should be **DENIED**.

## I.    LEGAL STANDARD

A party may move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 120–21 (E.D. Tex. 2009) (citations omitted). A plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id.* The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Id*. If venue is improper, the Court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II.     ANALYSIS

During the course of briefing the Parties narrowed the dispute to a single aspect of § 1400(b) for consideration: whether an act of infringement occurring within this District is sufficiently alleged. Dkt. No. 42 at 11–19; Dkt. No. 59 at 5 ("Home Depot has stipulated (for purposes of this motion) that it has regular and established place of business in this District").

### A.  Legal Standard Dispute

As a threshold matter, Home Depot asserts that for an act of infringement to occur within this District all elements of a patent claim sufficient to find patent infringement must occur within the chosen venue. Dkt. No. 64 at 11–12. Recognizing that this Court has held the opposite, Home Depot asserts that *SEVEN Networks, LLC v. Google LLC* is distinguishable because the "asserted claims in the instant case are directed solely to systems and products maintained out-of-district" and because Home Depot "is not attempting to read away the second prong of the venue statute by essentially claiming venue is appropriate nowhere." Dkt. No. 42 at 14–15 (emphasis removed). The Court does not find *SEVEN Networks* distinguishable here on either ground. First, Home Depot's argument assumes a premature claim construction finding regarding what the claims are directed toward. Second, in reply, Home Depot attempts to limit venue in a way not supported by statute or precedent. As held in *SEVEN Networks*, "not all of the alleged infringing activity needs to have occurred in [the District]" and the "entire methodology" need not be practiced in the forum. *SEVEN Networks*, 315 F. Supp. 3d 933, 943–44, 942 n.9 (E.D. Tex. 2018).

### B.  Sufficiency of Steps Alleged as Performed in this District

Plaintiff has asserted two patents against the Defendants, U.S. Patent Nos. 11,562,402 and 10,594,823. In response to Home Depot's Motion to Dismiss, Plaintiff asserts that within this District Home Depot performs the "displaying an advertisement" step from Claim 1 of the '402

Patent and performs the "receiving a network resource request" step from Claim 6 of the '823 Patent. Dkt. No. 14–17, 17–21.[1]

Plaintiff contends that the "displaying an advertisement" step is performed in this District as alleged in the First Amended Complaint through the "display of advertisements, including banner advertisements, sponsored products, or store-specific information, to the users of Home Depot's website and mobile application[.]" Dkt. No. 59 at 14 (citing Dkt. No. 24 ¶ 19, 24, 39). Home Depot replies that the servers that cause the advertisements to display are not located within this District. Dkt. No. 64 at 6–9. Home Depot relies on its own interpretation of the '402 specification in reaching this conclusion. *See* Dkt. No. 64 at 8. The Court finds that in resolving all conflicts in favor of the plaintiff, and taking the allegations pleaded as true, Plaintiff has met the burden of sustaining venue for the '402 Patent.

Plaintiff contends that the "receiving a network resource request" step is performed in this District through "Home Depot's in-store WiFi routers." Dkt. No. 59 at 17–21. Home Depot replies by attacking Plaintiff's expert Mr. Myers's credibility and asserting that the WiFi routers and networking infrastructure pointed to are "owned and operated by a third party, Aruba Networks . . . provide a standard WiFi access point . . . [and] are not otherwise connected with any Home Depot owned servers[.]" Dkt. No. 64 at 10–11. In sur-reply, Plaintiff contends that the servers receiving a network resource request within the Home Depot stores in this District, regardless of third-party ownership, are sufficient to establish venue through performing the "receiving a network resource request" step. Dkt. No. 67 at 10. The Court finds that in resolving all conflicts in favor of the plaintiff, and taking the allegations pleaded as true, that Plaintiff has met the burden of sustaining venue for the '823 Patent.

---

[1] Plaintiff and Defendant contest induced infringement claims as well, but since venue is found proper on the direct infringement claims, the Court does not reach these arguments. *See* Dkt. No. 59 at 21–26; Dkt. No. 64 at 12–14.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Home Depot's Motion to Dismiss Amended Complaint Based on Improper Venue (Dkt. No. 42) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 13th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE